COPY

1  **PROSPER LAW CORPORATION**
Gordon F. Dickson, Esq. SBN 136857
2  Deborah P. Gutierrez, Esq. SBN 240383
Tanmay P. Mistry, Esq. SBN 251425
3  5301 Beethoven Street, Suite 109
4  Los Angeles, CA 90066
5  Telephone:  (310) 893-6200
Facsimile:  (310) 988-2930
6  E-mail:    deborah@prosperlawcorp.com
7
Attorneys for Plaintiff,
8  Robert Ritchie



FILED
CLERK, U.S. DISTRICT COURT

JUL 25 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

9

10

11          **UNITED STATES DISTRICT COURT**

12          **CENTRAL DISTRICT OF CALIFORNIA**

13

ROBERT RITCHIE, an individual,

14

15                    Plaintiff,

16  vs.

17

ARGENT MORTGAGE COMPANY,
18  LLC; DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE IN
19  TRUST FOR THE BENEFIT OF THE
CERTIFICATEHOLDERS FOR
20  ARGENT SECURITIES TRUST 2006
M-2 ASSET-BACKED PASS-
21  THROUGH CERTIFICATES SERIES
2006-M2; POWER DEFAULT
22  SERVICES, INC.; FIDELITY
NATIONAL FINANCIAL, INC. D/B/A
23  DEFAULT RESOLUTION NETWORK;
AMERICAN HOME MORTGAGE
24  SERVICING, INC.; and Does 1 – 100,
inclusive,
25

26

27                    Defendants.

28

**SACV11-01106** JST (ANx)

**VERIFIED COMPLAINT FOR:**

1. **DECLARATORY RELIEF**
2. **NEGLIGENCE**
3. **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, ET SEQ.**
4. **QUIET TITLE**

**DEMAND FOR JURY TRIAL**

# TABLE OF CONTENTS

I.     INTRODUCTION.................................................................................3

II.    DEFENDANTS AND VENUE.................................................................6

III.   THE RITCHIE LOAN TRANSACTION AND DEFENDANTS' IMPROPER ATTEMPTS TO COLLECT PLAINTIFF'S MORTGAGE  PAYMENTS........................................9

    A.    The Documents Purporting to be a "Notice of Default" and "Notice of Trustee's Sale" are Void Because No Breach of the Obligation Occurred...........................................................................12

    B.    Linda Green is Not the "Assistant Vice President" of Argent and Lacked the Corporate and Legal Authority to Execute the Purported Assignment of Deed of Trust.................................................14

    C.    Defendants Failed to Record a *Duly Acknowledged* Assignment of Deed of Trust Before Exercising the Power of Sale, as Required by California Foreclosure Statutes.................................................16

IV.    PLAINTIFF'S OFFERS TO TENDER........................................................17

V.     THE DEFECTIVE SECURITIZATION OF PLAINTIFF'S NOTE AND MORTGAGE..............18

VI.    DEUTSCHE NEVER HAD, NOR HAVE THEY EVER HAD THE RIGHT TO ENFORCE PLAINTIFF'S OBLIGATION AND COLLECT HIS MORTGAGE PAYMENTS.........................................................................20

VII.   THE FAILURE TO ENJOIN THE ILLEGAL ENFORCEMENT OF THE OBLIGATION AND FRAUDULENT FORECLOSURE WILL RESULT IN PLAINTIFF SUFFERING SUBSTANTIAL AND INCURABLE PREJUDICE................................................23

VIII.  PLAINTIFF HAS SUFFERED, AND CONTINUES TO SUFFER, SIGNIFICANT, MONETARY, LEGAL, AND EQUITABLE DAMAGES................................................24

IX.    FIRST CAUSE OF ACTION-DECLARATORY RELIEF.......................................26

X.     SECOND CAUSE OF ACTION-NEGLIGENCE..............................................27

XI.    THIRD CAUSE OF ACTION-VIOLATION OF CA. BUS. & PROF. CODE § 17200..........29

XII.   FOURTH CAUSE OF ACTION- QUIET TITLE.............................................31

## COMPLAINT

COMES NOW Plaintiff Robert Ritchie ("Plaintiff" or "Mr. Ritchie"), by and through his counsel, for his Complaint against Defendants, Argent Mortgage Company, LLC (in its capacity as originating lender) (hereinafter referred to as "Argent"); American Home Mortgage Servicing, Inc. (in its capacity as the purported mortgage servicer of Plaintiff's Note and Mortgage) (hereinafter referred to as "AHM"); Deutsche Bank National Trust Company, as Trustee in Trust for the Benefit of the Certificateholders for Argent Securities Trust 2006-M2 Asset-Backed Pass-Through Certificates Series 2006-M2 (in its capacity as purported assignee and foreclosing beneficiary of Plaintiff's Note and Deed of Trust) (hereinafter "Deutsche"); Fidelity National Financial, Inc. D/B/A Default Resolution Network (in its capacity as purported foreclosing trustee) (hereinafter "Fidelity") and Power Default Services, Inc. (in its capacity as purported substituted foreclosing trustee) (hereinafter "Power"), (collectively "Defendants"), pleads as follows:

## I.    INTRODUCTION

1.    Plaintiff brings this action against Defendants for damages and harm resulting from the Defendants' negligent, fraudulent, and unlawful conduct concerning a residential mortgage loan and foreclosure proceedings on his property.

2.    Plaintiff's information and belief is based on (1) a title report and analysis of the subject property's county records, direct written and oral communication with Defendants; (2) his counsel's research, experience, and extensive review of depositions, case law, amicus briefs, correspondence, news articles, reports, and publicly available securitization documents & practices; (3) a review of the purported "Assignments of Deed of Trust" signed by Crystal Moore and Linda Green; and (4) an audit of Deutsche's filings with the Securities and Exchange Commission ("SEC"), including Deutsche's 424B5 Prospectus and Pooling and Servicing Agreement ("PSA").

3.      The claims at issue in the instant Complaint stem from the attempted and purported "securitization" and alleged sale, negotiation, and/or transfer of Plaintiff's Promissory Note on the secondary mortgage market.

4.      On or about September 1, 2005, Mr. Ritchie executed a Promissory Note ("Note") and Deed of Trust ("DOT" or "Trust Deed") (collectively referred to herein as "Note and Mortgage"), obtaining a loan on the subject property.

5.      On or about February 9, 2009 Crystal Moore, purportedly of Argent, intentionally misrepresented to Plaintiff in writing that Deutsche had acquired an interest in his Note and Mortgage and that Argent had endorsed his Note to Deutsche.

6.      On or about October 27, 2009 "Linda Green" purportedly an "Assistant Vice President" of Argent, intentionally misrepresented to Plaintiff in writing that Deutsche had acquired an interest in his Note and Mortgage and that Argent had endorsed his Note to Deutsche.  Plaintiff alleges that Linda Green is not an "Assistant Vice President" for Argent and lacked the corporate authority or personal knowledge necessary to sign the document.  In fact, Plaintiff alleges that the Assignment of Deed of Trust signed by "Linda Green" is **forged and fabricated** and that Deutsche never obtained any right, title, or interest in Plaintiff's Note and Mortgage.

7.      A recent "60-Minutes" television news segment reported on the epidemic of "phony" and "forged" foreclosure documents used to evict homeowners, including the various different and forged signatures of "Linda Green" added to thousands of foreclosure documents filed in foreclosure proceedings all over the country, available at http://www.youtube.com/watch?v=UdeFyPC5MNI.  Ms. Green was interviewed by "60-Minutes" and admitted that her signature was **forged** by many DocX employees who were paid only $10 an hour and required to forge 4,000 documents a day.

8.      Recent legal proceedings initiated by the California Attorney General have exposed Deutsche's failure to comply with the procedural requirements to preserve Plaintiff's chain of title through the securitization and foreclosure processes.  Thus, the

1  ownership of Plaintiff's Mortgage is in question due to "innovations" and "short-cuts"
2  designed to speed up the mortgage securitization process.

3      9.    Plaintiff alleges that Deutsche and Argent utilized a foreclosure services
4  "price list" to create two documents purporting to be the "Assignments of Deed of
5  Trust" ("Assignment") in an attempt to cure the fatal break in Plaintiff's chain of title,
6  which was created by the defective attempt to securitize Plaintiff's Note and Mortgage.
7  *See* **Exhibit "A"** attached herein, "Pricing Rate Sheet," in which DOCx brazenly offers
8  a la carte services including "creating missing intervening assignments," "curing
9  defective assignments," and "creating note allonges."(The "Assignment" executed on
10  October 27, 2009, was a corrective assignment to replace the "Assignment" executed on
11  February 9, 2009.)

12      10.    Mr. Ritchie unfortunately relied on Argent's misrepresentation to his
13  detriment, and was damaged (and continues to be damaged) in an amount to be
14  determined at trial.  Specifically, (1) title to Mr. Ritchie's home has been clouded and
15  rendered unmarketable; (2) Mr. Ritchie has expended significant funds to cover the cost
16  of attorneys' fees and related costs; and (3) suffered damage to his credit.

17      11.    Plaintiff alleges and believes thereon that on or around the time of
18  origination of Mr. Ritchie's loan, Argent attempted to securitize and sell his loan to
19  another entity or entities.  **That entity was *not* Deutsche.**  Nevertheless, Deutsche, an
20  entity that has no beneficial interest in Plaintiff's loan, has been collecting Plaintiff's
21  mortgage payments and has initiated foreclosure proceedings.

22      12.    Subject to the apparent financial double jeopardy and having paid the
23  wrong party since February 9, 2009, Plaintiff seeks Court intervention to determine who
24  the owner of his Note and Mortgage truly is.

25      13.    The failure to properly document, endorse, and transfer Plaintiff's Note and
26  Mortgage to the purported beneficiary (Deutsche) has also created the current situation
27  where: 1) Mr. Ritchie is unable to determine whether he sent his monthly mortgage
28  payments to the right party; 2) multiple banks may seek to enforce his debt obligation;

1    and 3) any would-be buyer of Plaintiff's home will find themselves in limbo, unable to

2    know with any certainty whether they can safely buy Plaintiff's home or get title

3    insurance.

4        14.     The parties involved in the purported securitization and transfer of

5    Plaintiff's Note and Mortgage failed to strictly adhere to section 2.01 of the Pooling and

6    Servicing Agreement ("PSA"), which requires that Plaintiff's Note and Mortgage be

7    properly endorsed, transferred, accepted, and deposited with Deutsche (or its custodian)

8    on or before August 29, 2006, the closing date indicated on the PSA.

9        15.     The PSA is the document that governs the Argent Securities Trust 2006-M2

10    Asset-Backed Pass-Through Certificates Series 2006-M2 (hereinafter referred to as "M2

11    Trust") which allegedly owns Mr. Ritchie's Note and Mortgage. Plaintiff alleges that

12    his Note and Mortgage are ***not*** part of the M2 Trust res (the contents of the M2 Trust),

13    such that the Trustee of the M2 Trust (Deutsche) can claim or assert an interest in his

14    loan on behalf of the M2 Trust.

15        16.     In addition to seeking compensatory, consequential, punitive, and other

16    damages, Plaintiff seeks declaratory relief as to whether the Deed of Trust (Mortgage)

17    secures any obligation of Plaintiff such that Deutsche can foreclose on his home, and an

18    permanent injunction restraining, enjoining, and/or staying the non-judicial foreclosure

19    of Plaintiff's home, or in the alternative, a final judgment granting Plaintiff quiet title in

20    the subject property.

21    **II.    DEFENDANTS AND VENUE**

22        17.     This action arises under 28 U.S.C § 1332 and under California statutory and

23    common law.

24        18.     This Court has jurisdiction over the federal claims in this action based on

25    18 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983 which confer original jurisdiction on

26    federal district courts in suits to address the deprivation of rights secured by federal law.

27    This Court also has supplemental jurisdiction over the pendant state law claims because

28

1 | they form a part of the same case or controversy under Article III of the United States

2 | Constitution, pursuant to 28 U.S.C. §1367.

3 |     19.    The unlawful conduct, illegal practices, and acts complained of and alleged

4 | in this complaint were all committed in the Central District of California and the

5 | involved real property is located in the Central District of California.  Therefore, venue

6 | properly lies in this District, pursuant to 12 U.S.C. §2614 and 28 U.S.C. §1391(b).

7 |     20.    Plaintiff is now, and at all times mentioned herein, an individual residing in

8 | the County of Los Angeles.  At all times relevant to this action, Plaintiff has owned real

9 | property commonly known as 11001 Haskell Avenue, Los Angeles, California 91344

10 | (the "Property"), further described as Assessor's Parcel Number 2667-014-006.

11 |     21.    At all relevant times, Argent Mortgage Company, LLC ("Argent"), a

12 | Delaware limited liability company, has transacted and continues to transact business

13 | throughout the State of California, including in Los Angeles County.

14 |     22.    At all relevant times, Fidelity National Financial, Inc. D/B/A Default

15 | Resolution Network ("Fidelity"), a Delaware corporation, has transacted and continues

16 | to transact business throughout the State of California, including in Los Angeles County.

17 |     23.    At all relevant times American Home Mortgage Servicing, Inc. ("AMH"), a

18 | Delaware corporation, has transacted and continues to transact business throughout the

19 | State of California, including in Los Angeles County.

20 |     24.    At all relevant times, Power Default Services, Inc. ("Power"), a Delaware

21 | Corporation, has transacted and continues to transact business throughout the State of

22 | California, including in Los Angeles County.

23 |     25.    At all relevant times, Deutsche Bank National Trust Company, as Trustee

24 | in Trust for the Benefit of the Certificateholders for Argent Securities Trust 2006-M2

25 | Asset-Backed Pass-Through Certificates Series 2006-M2, LLC ("Deutsche"), an

26 | unknown entity, has transacted and continues to transact business throughout the State

27 | of California, including in Los Angeles County.

28 |

26.    Plaintiff is ignorant of the true identity and capacity of defendants designated as Does 1-100, but will amend the Complaint when their identities have been ascertained according to proof at the time of trial.  Plaintiff alleges on information and belief, however, that each and every Doe Defendant is in some manner responsible for the acts, and conduct of the other defendants, and were, and are responsible for the injuries, damages, and harm, incurred by Plaintiff.  Plaintiff further alleges on information and belief that each such designated defendant acted, and acts, as the authorized agent, representative, and associate of the other defendants in doing the things alleged herein.

27.    Whenever reference is made in this Complaint to any act of any defendant(s), that allegation shall mean that each defendant acted individually and jointly with the other defendants.

28.    Any allegation about acts of any corporate or other business defendant means that the corporation or other business did the acts alleged through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of his authority.

29.    At all relevant times, each defendant committed the acts, caused or directed others to commit the acts, or permitted others to commit the acts alleged in this Complaint.  Additionally, some or all of the defendants acted as the agent of the other defendants, and all of the defendants acted within the scope of their agency if acting as an agent of the other.

30.    At all relevant times, each defendant knew or realized that the other defendants were engaging in or planned to engage in the violations of law alleged in this Complaint.  Knowing or realizing that the other defendants were engaging in or planning to engage in unlawful conduct, each defendant nevertheless facilitated the commission of those unlawful acts.  Each defendant intended to and did encourage, facilitate, or assist in the commission of the unlawful acts, and thereby aided and abetted the other defendants in the unlawful conduct.

### III.   THE RITCHIE LOAN TRANSACTION AND DEFENDANTS' IMPROPER ATTEMPTS TO COLLECT PLAINTIFF'S MORTGAGE PAYMENTS

31.    Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth.

32.    On or about June 13, 2006, Mr. Ritchie executed a Promissory Note ("Note") and Deed of Trust ("DOT" or "Trust Deed") (collectively referred to herein as "Note and Mortgage"), obtaining a loan on the subject property.

33.    On February 9, 2009, Argent caused a document purporting to be an "Assignment of Deed of Trust" ("Assignment") to be recorded. The "Assignment" alleged that for "good and valuable consideration" Argent granted, assigned, and transferred to [Deutsche], all beneficial interest in the DOT, together with "the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust." The "Assignment" was purportedly signed by "Crystal Moore," as the "Vice President" of Argent. Plaintiff alleges that no such transfer ever occurred, and that Crystal Moore is not the "Vice President" for Argent.

34.    On October 29, 2009, Argent caused another document purporting to be an "Assignment of Deed of Trust" ("Assignment") to be recorded. This document was purportedly a corrective "Assignment" to replace the previous "Assignment". The second "Assignment" corrected the name of the purported assignee from "Deutsche Bank National Trust Company, as Trustee for, Argent Securities Inc. Asset-Backed pass-Through Certificates, Series 2006-M2" to "Deutsche Bank National Trust Company, as Trustee in trust for the benefit of the Certificateholders for Argent Securities Trust 2006-M2, Asset-Backed Pass-Through Certificates, Series 2006-M2".

35.    The purported corrective "Assignment" alleged that for "good and valuable consideration" Argent granted, assigned, and transferred to [Deutsche], all beneficial interest in the DOT, together with "all rights therein and thereto, all liens created or secured thereby, all obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under said deed of trust." The

"Assignment" was purportedly signed by "Linda Green," as the "Assistant Vice
President" of Argent.  Plaintiff alleges that no such transfer ever occurred, and that
Linda Green is not the "Vice President" for Argent, but rather an employee for DocX
and who has admitted that her signature was forged on thousands of foreclosure
documents.

36.    On October 6, 2009, a document purporting to be a Notice of Default
("NOD") was recorded.  Where the NOD is supposed to state the current pecuniary
beneficiary pursuant to Cal. Civil Code § 2924c, Argent is listed.  However, for the
reasons stated, Argent was not the current pecuniary beneficiary at that time.

37.    The NOD was signed on October 5, 2009, by "Menghong But" on behalf of
Fidelity "as agent for beneficiary".  This person purportedly averred that:

> "...the present beneficiary under such Deed of Trust, has
> delivered to said Trustee a Declaration and Demand for Sale,
> and has deposited with said duly appointed Trustee such Deed
> of Trust and all documents evidencing the obligations secured
> thereby immediately due and payable and has elected and does
> hereby elect to cause the Trust Property to be sold to satisfy
> the obligations secured thereby."

38.    The NOD signed on October 5, 2009, named Argent as the "beneficiary"
even though Argent is not, and was never, the true pecuniary beneficiary of Plaintiff's
Note and Mortgage at the time the NOD was executed.

39.    On November 10, 2009, an amount of $9,300.00 was withdrawn from
Plaintiff's bank account without his knowledge and this amount was not applied to the
principal or the interest of his loan.  The amount of $7,015.00 was applied to a suspense
account, but the remainder of the withdrawal was not applied to any of Plaintiff's
accounts.

40.    On January 6, 2010, a document purporting to be a Substitution of Trustee
was recorded.  The Substitution of Trustee was signed by "Cindi Ellis" on behalf of an
entity that is unclear as "Assistant Vice President" on December 15, 2009, which

1  substituted in Power as trustee for Town and Country Title Services, Inc. under the

2  DOT.

3    41.    The Substitution of Trustee purports to "substitute" Town and Country Title

4  Services, Inc., the original trustee in the Deed of Trust, out and appoints Power as

5  trustee of record.  However, for the reasons stated herein, Plaintiff alleges that neither

6  Deutsche, AHM, Power nor Fidelity had the legal right or privilege to record or serve

7  the purported NOD or NOTS referenced above since the purported "substitution" was

8  not signed by the Lender, pursuant to section 24 of the Deed of Trust.

9    42.    Section 24 of the Deed governs the Substitution of Trustees.  It provides in

10  relevant part:

11
12    "Lender, at its option, may from time to time appoint a
    successor trustee to any Trustee appointed hereunder by an
13    instrument executed and acknowledged by Lender…….This
    procedure for substitution of trustee shall govern to the
14    exclusion of all other provisions for substitution."

15    43.    In violation of Provision 24, and of California law, the foreclosing party

16  failed to file a Substitution of Trustee that was "executed and acknowledged by Lender",

17  as Deutsche was not the Lender at the time, and Cindi Ellis was not an authorized agent

18  of Plaintiff's Lender.

19    44.    Furthermore, there is no Substitution of Trustee recorded that was

20  "executed and acknowledged by Lender" giving Fidelity the authority to execute and

21  record the NOD.

22    45.    On February 14, 2011, a document purporting to be a "Notice of Trustee's

23  Sale" was recorded.  The Notice of Trustee's Sale was signed by "Stephanie Alonzo" on

24  behalf of Power as "Authorized Signature" on February 14, 2011.

25

26

27

28

a. **The Documents Purporting to be a "Notice of Default" and "Notice of Trustee's Sale" are Void Because No Breach of the Obligation Occurred**

46.    For the reasons alleged herein, none of the entities that recorded the "Assignments", "NOD", "NOTS" or "Substitution of Trustee" are the current pecuniary beneficiary, or authorized agent thereof.

47.    The validity of the NOD is predicated on a valid assignment of Plaintiff's debt to the entity declaring a default.  However, for the reasons stated herein, the "Assignments" were not valid.  Therefore, the NOD is void *ab initio*.

48.    On information and belief, Plaintiff alleges that the NOD was forged, fabricated, or signed by persons working for entities that have no legal or corporate authority to execute said documents.

49.    On information and belief, at the time Deutsche, Fidelity, Power and/or AHM served Plaintiff with the purported NOD, Deutsche, Fidelity, Power nor AHM were owed Plaintiff's debt.

50.    Plaintiff alleges that, on information and belief, the M2 Trust that purportedly owns Plaintiff's Note and Mortgage has been dismantled due to the disbursement of credit enhancements to the certificateholders.

51.    Due to the facts stated herein, no "breach of the obligation" occurred, because the entity declaring a "default" is not owed the debt.

52.    Plaintiff disputes the alleged debt and alleges that they are not required to pay Defendants since no Defendant has legal or equitable rights to enforce the purported obligation.

53.    Plaintiff further alleges that any amount allegedly owed under the Note is subject to equitable offset by the damages owed to Plaintiff from Defendants Argent, Deutsche, Fidelity, AHM and/or Power.

54.    As a result, the demand for payment and non-judicial foreclosure proceedings initiated by Defendants Deutsche, Power, Fidelity and/or AHM, without being the parties entitled to enforce the obligation, is void and in violation of statutes

1  and therefore cannot be the basis of a statutory non-judicial foreclosure pursuant to Cal.

2  Civ. Code § 2924, et seq.

3      55.    Plaintiff alleges that Fidelity and Power were not and are not the trustees of

4  the current pecuniary beneficiary and that, in fact, the "current beneficiary" is *not*

5  Argent or Deutsche.

6      56.    Neither Deutsche, AHM, Fidelity, nor Power are the current pecuniary

7  beneficiary of the DOT, an agent of the current beneficiary of the DOT, a legally

8  authorized trustee under either the DOT or the agent, an employee of any authorized

9  trustee of the DOT, or any other person with a security interest in the Property.  Nor is

10  there a security on any obligation in favor of the Deutsche or in favor of any defendant.

11  In fact, Fidelity and Power have no legal relationship with any party to the DOT.

12      57.    Deutsche, AHM, Power and Fidelity are fraudulently posing as parties with

13  an enforceable debt obligation and are asking the Court, via the publically recorded

14  foreclosure documents, to ignore their fraud and allow Defendants' unlawful conversion

15  of Plaintiff's title in the Property.

16      58.    Cal. Civ. Code § 47 protects as privileged only those communications made

17  by authorized parties.  None of the named Defendants were, or are, authorized parties or

18  agents thereof under the Deed of Trust.  Accordingly, Power and Fidelity's recordation

19  of such instruments were not privileged under Cal. Civ. Code § 47 and rendered

20  Plaintiff's title to the Property unmarketable.

21      59.    The recordation and service of such instruments was malicious in that said

22  Defendants knew that they had no right, title, or interest in Plaintiff's Note and

23  Mortgage, but demanded mortgage payments and initiated foreclosure proceedings

24  nonetheless.  Although Defendants knew no "default" had occurred, Defendants

25  proceeded to record the NOD with the intent of inflicting severe emotional distress and

26  intending to prevent Plaintiff from exercising his legal right to protect his home.

27      60.    Based upon information and belief, any trustee's sale will also be void

28  because it would take place without the current pecuniary beneficiary experiencing or

declaring a default to the legally authorized trustee under the Deed of Trust.  Based upon information and belief, at no time did Power, Fidelity or its agents know, in fact, who the current pecuniary beneficiary of the Note and Mortgage actually was.

61.     Pursuant to Cal. Civ. Code § 2924(e), Plaintiff has the right to rebut the presumption that the beneficiary actually knew of all unpaid loan payments on the obligation owed to the beneficiary and secured by the Deed of Trust or Mortgage subject to the Notice of Default.  Any obligation that may have existed was not an obligation that Deutsche, AHM, Power and/or Fidelity were entitled to enforce at the time they began collection efforts against Plaintiff via the recordation of the NOD.

62.     Plaintiff further alleges that the purported NOD does not state the correct amount purportedly owed because, aside from the fact that Plaintiff does not owe Deutsche any money, it includes illegal fees that were improperly assessed, and fails to account for offsetting damages.

63.     Plaintiff believes that these illegal and unnecessary fees were assessed for improper and/or excessive broker priced opinions, attorney/trustee's fees, and property inspection fees.

64.     Alternatively, Plaintiff alleges that the NOD was false because it did not correctly state the correct amount allegedly owed for foreclosure purposes.  Said amount, if any, is unknown.

**b.**     **Linda Green is Not the "Assistant Vice President" of Argent and Lacks the Corporate and Legal Authority to Execute the Purported Assignment of Deed of Trust**

65.     On May 17, 2007, Linda Green purportedly executed a document purporting to be an Assignment of Deed of Trust ("Assignment").  This "Assignment" purported to "grant, bargain, sell, assign, transfer, convey, set over and deliver" all beneficial interest under the Deed "for good and valuable consideration" to Deutsche.  The alleged Assignment was recorded on October 29, 2009.

66.    Plaintiff alleges that Linda Green is what has come to be known as a "robo-signer" – an individual who simply signs thousands of foreclosure documents without any legal or corporate authority whatsoever.

67.    Linda Green is not an "Assistant Vice President" for Argent.

68.    In reality, Linda Green is a well-known "robo-signer" whose name was used as a fictitious employee for DocX. In fact, Linda Green has signed on behalf of Argent and other companies, as "Vice President", in various different foreclosure documents, including one in which she claimed to also have the authority to sign for Argent.

69.    The "Assignment" is a fraudulent lien claim, and the execution, filing, and recordation of the documents were done for the purpose of harming and misleading Plaintiff. Specifically, on or around October 27, 2009, Defendant Deutsche directed Power and/or Fidelity to fabricate the "Assignment" so that Deutsche could demand and/or collect Plaintiff's mortgage payments, even though Deutsche was not owed Plaintiff's debt. This "Assignment" was also created for the purpose of aiding and abetting the illegal foreclosure of Plaintiff's home, as well as facilitating the unlawful collection of Plaintiff's mortgage payments.

70.    On or around October 27, 2009, Deutsche, Power, Fidelity and AHM engaged in a scheme to cloak Linda Green with corporate and legal authority. This was an intentional act, done knowingly with the specific intent that the consequences of their actions be brought to fruition, which they have as evidenced by the imminent foreclosure proceedings.

71.    At all times, Power, Fidelity and its agents knew that Linda Green was not the Vice President of Argent, and that Linda Green had no legal or corporate authority to execute the alleged "Assignment".

72.    On October 5, 2009, Defendants Deutsche, Power, Fidelity and/or their agents began to fraudulently foreclose on Plaintiff's property by relying on documents

1  that they were aware were fraudulent and which failed to actually "assign" Plaintiff's

2  Note and Mortgage to Defendant Deutsche.

3      73.    Plaintiff's allegations regarding the fabricated "Assignment" are supported

4  by investigations and depositions conducted of "employees" of foreclosure service

5  related companies across the country.

6      74.    For the reasons stated, the "Assignment" is not prima facie evidence of any

7  purported "assignment", negotiation or transfer of Plaintiff's Note to Deutsche, or any

8  other entity.[1]

9      **c.**    **Defendants Failed to Record a *Duly Acknowledged* Assignment of Deed of Trust Before Exercising the Power of Sale, as Required by California Foreclosure Statutes**

10

11      75.    The purported "Assignment" recorded with the Los Angeles County

12  Recorder on or around October 29, 2009, is fraudulent, for the reasons stated herein.

13      76.    Cal. Civ. Code § 2932.5 requires that the beneficiary attempting to exercise

14  the power of sale must do so pursuant to a "duly acknowledged and recorded assignment

15  of deed of trust":

16

17          "[w]here a power to sell real property is given to a mortgagee,

18          or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests

19          in any person who by assignment becomes entitled to payment of the money secured by the instrument. **The power of sale**

20          **may be exercised by the assignee if the assignment is duly acknowledged and recorded.**" (emphasis added).[2]

21

22

23

24      [1] California law and longstanding custom does not allow, grant, or permit a purported nominee of a lender, or the

25  lender's unknown purported "successors or assigns", the right to assign, sell, transfer, or negotiate the actual pecuniary beneficial interest in the Note to another, without following the laws prescribed in the California Commercial Code, which

26  is applicable to Mr. Sir's Promissory Note. *See In re Walker*, Case No. 10-21656 (Bankr. ED. Cal. May 2010).unknown purported "successors or assigns", the right to assign, sell, transfer, or negotiate the actual pecuniary beneficial interest in

27  the Note to another, without following the laws prescribed in the California Commercial Code, which is applicable to Mr. Sir's Promissory Note. *See In re Walker*, Case No. 10-21656 (Bankr. ED. Cal. May 2010).

28      [2] *See In re Salazar*, No. 10-17456-MM13, __B.R.__, 2011 WL 1398478, at *7 (Bkr. S.D.Cal. 2011) ("Civil Code section 2923.5 requires that…the foreclosing beneficiary appear before the sale in the public title for the Property").

77.    Cal. Civ. Code § 2924f(c)(2) specifically provides that the requirement to
file a duly acknowledged assignment of deed of trust applies to the power of sale
contained in a deed of trust or mortgage:

> "Except as otherwise expressly set forth in this subdivision, **all
> other provisions of law relating to the exercise of a
> power of sale shall govern the exercise of a power of sale
> contained in a deed of trust or mortgage** described in
> paragraph (1)." (emphasis added).

78.    As of October 27, 2009, Deutsche was not the beneficiary of Plaintiff's
Note and Mortgage.  As alleged *supra*, the "Assignment" is a fraudulent lien claim and
is of no legal force or effect.  Thus, no "duly acknowledged" Assignment of Deed of
Trust was recorded by the entity attempting to authorize the exercise the power of sale
with the County of Los Angeles, as required by Cal. Civ. Code §§ 2924f(c)(2) and
2932.5.[3]

## IV.    PLAINTIFF'S OFFERS TO TENDER

79.    Plaintiff timely tendered his mortgage payments.  However, Plaintiff
realized that his payments were not being applied correctly.  Plaintiff believed his lender
would be willing to avoid a foreclosure since he was willing and did in fact tender
unconditionally.  At the time, Plaintiff relied on the representations made by Defendants
that the lender was his true creditor with the power to collect payment and modify his
loan.  Since then, Plaintiff has learned that none of the Defendants have any legal or
corporate authority to collect on his loan, service the loan, or proceed with a lawful
foreclosure.

---

[3] *See In re Salazar*, No. 10-17456-MM13, __ B.R. __, 2011 WL 1398478, at *8 (Bkr. S.D.Cal. 2011) (finding that
the holding in *Stockwell v. Barnum*, 7 Cal.App. 413, 416 (2d Distr. 1908) and its progeny which applied § 2932.5 only to
mortgages, not deeds of trust, "has been determined to be obsolete," and that the "outdated distinction is especially
moribund in the context of borrower's rights in the nonjudicial foreclosure context.") *In Re Salazar* also makes clear that §
2932.5 applies even when MERS has been designated as beneficiary under the Deed of Trust, "[t]he Court's analysis leads
it to conclude that Civil Code Section 2923.5 requires [the foreclosing beneficiary]'s assigned beneficial interest be
recorded despite MER's initial role under the DOT, and that the statutory foreclosure scheme trumps MERS' proposed
alternative system." *Id.* at 7.

80.    In an effort to verify and validate his debt, Mr. Ritchie sent a Qualified Written Request letter pursuant to Real Estate Settlement Procedures Act, 12 U.S.C. 2605(e), dated July 14, 2011, in which they requested that the servicer provide, among other things, "the name address, name of a contact person and telephone number of the current holder in due course and owner of the mortgage note." *See* **Exhibit "B"** attached herein, Plaintiff's Qualified Written Request. 12 U.S.C. 2605(e) requires that the servicer provide this information and respond to a written request within 20 days of receipt. AHM has yet to respond.

## V.    THE DEFECTIVE SECURITIZATION OF PLAINTIFF'S NOTE AND MORTGAGE

81.    Securitization is the process whereby mortgage loans are turned into securities or bonds and sold to investors by Wall Street and other firms. More specifically, under the standard model, the promissory notes were supposed to be sold into a trust pool that holds the promissory notes as collateral on the securities bought by investors. These "true sales" allow the original lenders to move the notes off their books, eliminating the need to maintain capital-adequacy reserves against default. The purpose of securitizing debt obligations is to provide a large supply of money to lenders for originating loans, and to provide investment to bond holders – which are expected to be relatively safe.

82.    These securitized trusts are governed by the common law trust rules of Delaware or New York, depending on its origin, the prospectus filed with the Securities and Exchange Commission and distributed to investors, and Internal Revenue Code § 860A through 860G, better known as the Real Estate Mortgage Investment Conduit ("REMIC") rules. The servicing of the pool of trusts is governed by various documents, including the PSA and a 424B5 Prospectus.

83.    An essential aspect of the mortgage securitization process is that the issuing trust for each Mortgage Backed Security (or "MBS") offering must obtain good title to

the mortgage loans comprising the pool for that offering. This is necessary in order for the mortgage-backed securities holders to be legally entitled to enforce the mortgage loans in case of default. Two documents relating to each mortgage loan must be validly transferred to the trust as part of the securitization process – the promissory note and security instrument (deed of trust or mortgage).

84.    Plaintiff alleges that the "true sales" that were supposed to happen in the chain from the Warehouse Lender, Sponsor, and Depositor, failed to follow the basic legal requirements for the transfer of a negotiable instrument and thereby, the legal, equitable, and pecuniary interest in Mr. Ritchie's Note and Mortgage.

85.    After closing and recording the loan transactions, Mr. Ritchie's Note and Mortgage were not negotiated, endorsed, or transferred from Argent up the chain of securitization to Deutsche, and certainly not within the required number of days of the M2 Trust's purported formation (which is required by the Pooling and Servicing Agreement and 424B5 Prospectus to maintain a valid chain of title). This resulted in the stripping and voiding of the security interest in Mr. Ritchie's Note and Mortgage as no interest therein was ever transferred to the M2 Trust. Therefore, Deutsche, the purported Trustee, cannot demand mortgage payments or foreclose.[4]

86.    Plaintiff alleges that his Note was not properly securitized and that the M2 Trust has no legal, equitable, or monetary interest in his Promissory Note such that it can demand payment from Plaintiff and threaten him with foreclosure.

87.    On information and belief, the M2 Trust is a REMIC and subject to strict SEC and IRC regulations. The M2 Trust is regulated by New York Trust Law, specifically §7-2.01(c).

---

[4] Plaintiff's allegations are supported by the recent ruling of the Massachusetts Supreme Judicial Court in *Deutsche vs. Ibanez*, SJC-10694, 2011 WL 38071. In *Ibanez*, the Court invalidated two foreclosure sales, finding that the lower court did not err in concluding that the securitization documents submitted by the Plaintiff failed to demonstrate that they were the holders of the mortgages. The Court rejected the banks' argument that the mortgages were transferred via the applicable Pooling and Servicing Agreement and made clear that, to foreclose, the banks must prove a complete and unbroken chain of title from origination to securitization trust in full compliance of the PSA, i.e. establish ownership of the mortgage.

88.    After reviewing Mr. Ritchie's chain of title, including the "Assignment" recorded on October 29, 2009, and Deutsche's Pooling and Servicing Agreement ("PSA"), Plaintiff's counsel determined that Mr. Ritchie's Note and Mortgage were not properly conveyed into the M2 Trust (if it was ever properly formed) because (1) the beneficial interest in Plaintiff's Note and Mortgage were not effectively assigned, granted, or transferred to the Sponsor or Depositor (who were supposed to convey Plaintiff's Note and Mortgage to the M2 Trust) prior to August 29, 2006, the closing date of the M2 Trust; and (2) Deutsche failed to perfect the title to Mr. Ritchie's Note and Mortgage by not following the requirements of the PSA and other agreements that govern the administration of the M2 Trust.

89.    Deutsche cannot take any action which violates the terms of the M2 Trust or New York Trust Law § 7-2.01(c).  As the purported Trustee of the M2 Trust, Deutsche cannot take action which is not authorized by the agreements that created and govern the M2 Trust.

90.    As a result of Deutsche's failure to make Plaintiff's Note and Mortgage part of the M2 Trust res, Deutsche, as purported Trustee, cannot lay claim to the Note, Mortgage or Mr. Ritchie's home such that Deutsche can collect mortgage payments or foreclose.

## VI.    DEUTSCHE NEVER HAD, NOR HAVE THEY EVER HAD, THE RIGHT TO ENFORCE PLAINTIFF'S OBLIGATION AND COLLECT PLAINTIFF'S MORTGAGE PAYMENTS

91.    Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

92.    On or about June 13, 2006, Mr. Ritchie executed a note (the "Note") and Deed of Trust, obtaining a loan on the Subject Property; Argent was named the lender, Town and Country Title Services, Inc. was named trustee.

93.    As alleged herein, Plaintiff's Note was not properly negotiated, endorsed, and transferred to Deutsche.  Attempting to "assign" or transfer a Deed of Trust by itself, as the Defendants did here, does not allow enforcement of Plaintiff's Note.[5]

94.    California Commercial Code § 3301 limits a negotiable instrument's enforcement to the following:

> "Person entitled to enforce" an Instrument means (a) the holder of the instrument, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309 or subdivision (d) of Section 3418.  A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

95.    On information and belief, Deutsche, Power, Fidelity nor AHM were/are the current legal, equitable, or pecuniary beneficiary of Plaintiff's Note and Deed of Trust.

96.    On information and belief, none of the Defendants were/are present holders in due course of Plaintiff's Note such that they can enforce Plaintiff's obligation, demand mortgage payments, or foreclose.

97.    On information and belief, Deutsche, Power, Fidelity or AHM were/are not the nonholders in possession of Plaintiff's Note who have rights of the holder.

98.    If there is a holder in due course of Plaintiff's Note at issue, pursuant to California Commercial Code § 3301, et seq. and/or the PSA, it is the entity that can

---

[5] According to long standing California law, the assignment of a mortgage without a transfer of the indebtedness confers no right, since debt and security are inseparable and the mortgage alone is not a subject of transfer. *Hyde v. Mangan*, 88 Cal. 319, 26 P. 180 (1891); *Johnson v. Razy*, 181 Cal. 342, 184 P. 657 (1919); *Bowman v. Sears*, 63 Cal. App. 235, 218 P. 489 (1923); *Treat v. Burns* 216 Cal. 216, 13 P. 2d 724 (1923); *In re Halabi*, 184 F.3d 1335 (11th Cir. 1999); *Kelley v. Upshaw* (1952) 29 Cal. 2d 179, 192 *Domarad v. Fisher & Burke, Inc.* (1969) 270 Cal. App. 2d 543, 553-554 ("A trust deed has no assignable interest independent of the debt; it may not be assigned or transferred apart from the debt; and an attempt to assign the trust deed without a transfer of the debt is without effect."); *LaSalle Bank Nat'l Ass'n v. Lamy*, 2006 WL 2251721 at 2 ("A nominee of the owner of a note and mortgage may not effectively assign the note and mortgage to another for want of an ownership interest in said note and mortgage by the nominee.")

1  establish a pecuniary, legal, and equitable interest in the Property, and provide an

2  unbroken chain of title to Plaintiff's Note and Mortgage.

3    99. On information and belief, none of the Defendants were/are entitled to

4  enforce Plaintiff's Note pursuant to § 3309 or subdivision (d) of § 3418 and none are

5  entitled to exercise the power of sale contained in the purported Deed of Trust.

6    100. Plaintiff does ***not*** allege that Deutsche, AHM, Power or Fidelity must be in

7  "physical possession" or "hold" Plaintiff's Note at the time of recordation of the NOD –

8  a requirement that has been rejected in California.[6]  Rather, Plaintiff alleges that, prior to

9  demanding mortgage payments from Mr. Ritchie and recording the NOD, none of the

10  Defendants or Doe Defendants had, nor presently have, a secured or unsecured legal,

11  equitable, or pecuniary interest in Plaintiff's Note and/or Deed of Trust as required

12  under California law – irrespective of who is actually in physical possession of Mr.

13  Ritchie's Note.

14    101. Plaintiff alleges that, on information and belief, Deutsche, AHM, Power

15  and Fidelity seek to enforce a debt obligation in which they have no pecuniary, equitable

16  or legal interest.  Deutsche, AHM, Power and Fidelity's conduct is part of a fraudulent

17  debt collection scheme.

18    102. Defendants Argent, Deutsche, AHM, Power and/or Fidelity do not have

19  any enforceable rights under Cal. Civ. Code § 2924, et seq. to enforce Plaintiff's Deed

20  of Trust.

21    103. By engaging in the aforementioned acts, Defendants violated Cal. Civ.

22  Code § 2924, et seq. and Cal. Bus. and Prof. Code § 17200.

---

[6] *Chilton v. Federal Nat. Mortgage Assn.*, 2009 WL 5197869 (E.D. Cal.)

VERIFIED COMPLAINT

## VII. THE FAILURE TO ENJOIN THE ILLEGAL ENFORCEMENT OF THE OBLIGATION AND FRAUDULENT FORECLOSURE SALE WILL RESULT IN PLAINTIFF SUFFERING SUBSTANTIAL AND INCURABLE PREJUDICE

104. Because Deutsche was conveyed no interest in Plaintiff's Mortgage and no monetary "default" occurred, Power and Fidelity both lack the authority to exercise the power to sell the Property, which it did by recording and serving the purported NOD.

105. The purported "Assignment" was created to mislead Mr. Ritchie into believing that Deutsche, AHM, Power and Fidelity had the authority to demand payment, declare a default, and initiate foreclosure proceedings.

106. Defendants' intent was to create an appearance of propriety around the foreclosure proceedings such that Plaintiff would not question Deutsche's right to collect payments or foreclose on the Property. This misconduct was taken with the specific intent of committing fraud on Plaintiff, and thus prejudice is likely to result causing harm to Plaintiff, as detailed herein. The harm is not speculative, but rather imminent.

107. Plaintiff will be incurably prejudiced because he will lose his home to an illegal foreclosure and will be evicted by parties who have no right to collect payments, let alone foreclose on his home.

108. Plaintiff has been prejudiced because he has been unable to ascertain the true and accurate amount, if any, needed to cure any purported default. The statutory right to cure an alleged default is a substantial statutory right that Plaintiff will be prejudiced from exercising if the foreclosure is not enjoined by the requested relief.

109. Plaintiff will be prejudiced because, since the recording of a Trustee's Deed Upon Sale is generally considered prima facie evidence of a properly conducted sale, he will be precluded from proving otherwise.

110. Plaintiff will be prejudiced because, if the wrongful foreclosure is allowed to proceed, he will be evicted from his home, and will be unable to defend himself since the completion of a non-judicial foreclosure sale carries a presumption of propriety and title issues cannot be litigated in the unlawful detainer courts.

111.   Further, Plaintiff will be prejudiced because he will not be allowed the opportunity to avail himself to the protections afforded a trustor under the statutory provisions of Cal. Civ. Code §§ 2924 – 2924l, the Deed of Trust, and California common law.

112.   Thus, Mr. Ritchie will suffer substantial and irreparable legal and monetary prejudice if the Court does not determine the rights and obligations between the parties, and enjoin the pending foreclosure sale.

## VIII.   <u>PLAINTIFF HAS SUFFERED, AND CONTINUES TO SUFFER, SIGNIFICANT MONETARY, LEGAL, AND EQUITABLE DAMAGE</u>

113.   The conduct of Deutsche, Power, Fidelity and/or AHM, was malicious because Defendants knew that they were not acting on behalf of the current pecuniary beneficiary of the Note and Mortgage.  However, despite the lack of actual knowledge of the identity of the current beneficiary, said Defendants continued to demand and collect Plaintiff's mortgage payments.

114.   Deutsche, Power, Fidelity and/or AHM engaged and are engaging in a pattern and practice of defrauding Plaintiff, in that, on information and belief, during the entire life of the mortgage loan, Deutsche, Power, Fidelity and/or AHM failed to properly credit payments made; incorrectly calculated interest on the accounts; and has failed to accurately debit fees.

115.   On information and belief, at all times material, Deutsche, Power, Fidelity and/or AHM had and have actual knowledge that Plaintiff's accounts were not accurate, but that Plaintiff would make further payments based on Defendants' inaccurate accounts.

116.   On information and belief, Plaintiff made payments based on the improper, inaccurate, and fraudulent representations as to Plaintiff's accounts.

117.   As a direct and proximate result of the actions of the Defendants set forth above, Plaintiff overpaid in interest.

VERIFIED COMPLAINT

118.   As a direct and proximate result of the actions of the Defendants set forth above, Plaintiff's credit and credit score have been severely damaged.  Specifically, because of the derogatory credit reporting on his credit report by Deutsche, Power, Fidelity and AHM, Mr. Ritchie is unable to refinance out his present loan and save his home from a fraudulent foreclosure.

119.   As a direct and proximate result of the actions of the Defendants set forth above, the title to Plaintiff's home has been slandered, clouded, and its salability has been rendered unmarketable.

120.   As a direct and proximate result of the actions of the Defendants set forth above, Plaintiff does not know who the current beneficiary of his Note and Mortgage actually is, such that he is now subject to double financial jeopardy.

121.   As a direct and proximate result of the actions of the Defendants set forth above, multiple parties can potentially claim an interest in the subject loan.

122.   The conduct of Deutsche, Power, Fidelity and/or AHM M and one or more of the Doe Defendants have led to the imminent loss of Plaintiff's home and to pecuniary damages.  The pecuniary damages include, but are not limited to, the costs of removing the cloud from his title and attorneys' fees, in an amount to be proven at trial.

123.   The conduct of Deutsche, Power, Fidelity and/or AHM and one or more of the Doe Defendants was malicious.  Said Defendants' conduct was malicious because Defendants did not know the identity of the current and true beneficiary of Plaintiff's Note and Deed of Trust, yet still wrongfully recorded the documents so as to slander the Plaintiff's title to the Property and make said title unmarketable.

124.   The title to Plaintiff's Property has been rendered unmarketable and unsalable because of the possibility of multiple claims being made against his Property. If the NOD, NOTS and "Assignments" are not cancelled, Plaintiff will be incurably prejudiced.  Plaintiff will be denied the opportunity to identify his true and current creditor/lender/beneficiary and exercise his statutory right to cure any alleged default.

## FIRST CAUSE OF ACTION - DECLARATORY RELIEF

### [Against All Defendants and Doe Defendants]

125.    Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

126.    Plaintiff is ready, willing, and able to unconditionally tender his obligation.

127.    Plaintiff alleges that Deutsche does not have a secured or unsecured legal, equitable, or pecuniary interest in the lien evidenced by the Deed of Trust and that its purported assignment has no value since the Deed of Trust is wholly unsecured.

128.    Defendants allege that Plaintiff's Note and Deed of Trust cannot be determined to be unsecured and that they have an enforceable interest in the Plaintiff's Note and Deed of Trust.

129.    Thus, the competing allegations made by Plaintiff, above, establish that a real and present controversy exists as to the respective rights of the parties to this matter, including ownership of the Property.

130.    Accordingly, Plaintiff requests that the court make a finding and issue appropriate orders stating that none of the named Defendants or Doe Defendants, have any right or interest in Plaintiff's Note, Deed of Trust, or the Property which authorizes them, in fact or as a matter of law, to collect Plaintiff's mortgage payments.

131.    As described above, Plaintiff will be denied the opportunity to identify his true and current creditor/lender and exercise his right to cure any alleged default. He will be denied the right to conduct discovery and have Deutsche's claim verified by a custodian of records who has personal knowledge of the loan and all transactions related to it. Plaintiff will also be denied the opportunity to discover the true amount he still owes, if any amount still exists.

132.    It is necessary that the Court declare the actual rights and obligations of the parties and make a determination as to whether Deutsche's claim against Plaintiff is enforceable and whether it is secured or unsecured by any right, title, or interest in Plaintiff's home.

1    133.   Furthermore, the conduct of Deutsche, Power, Fidelity and/or AHM and

2    one or more of the Doe Defendants, and each of them, as herein described, was so

3    malicious and contemptible that it would be looked down upon and despised by ordinary

4    people.  Plaintiff is therefore entitled to punitive damages in an amount appropriate to

5    punish Defendants and to deter others from engaging in similar conduct.

6                    **SECOND CAUSE OF ACTION - FOR NEGLIGENCE**

7              **[Against Deutsche, Power, Fidelity, AHM and Doe Defendants]**

8    134.   Plaintiff hereby incorporates by reference each and every one of the

9    preceding paragraphs as if the same were fully set forth herein.

10    135.   At all times relevant herein, Power and Fidelity were acting as purported

11    agents for Argent, Deutsche and AHM.  Defendants are jointly and severally liable for

12    Argent, Deutsche, Power, Fidelity and/or AHM's negligent and reckless conduct.

13    136.   At all times relevant herein Power and Fidelity were acting as the trustee

14    under the DOT, but without any legal authority to do so.

15    137.   As the purported trustee of the DOT, Power and Fidelity owe Plaintiff a

16    duty to exercise reasonable care and skill to follow California foreclosure laws.  These

17    duties are statutorily prescribed by Cal. Civ. Code § 2924, et seq.

18    138.   Power and Fidelity are the common agent for Plaintiff and the purported

19    beneficiary of the Note and Mortgage.[7]

20    139.   Power and Fidelity breached the duty of care that they owed to Plaintiff

21    when they failed to carry out foreclosure proceedings according to the strict

22    requirements of Cal. Civ. Code § 2924 et seq.  Specifically, Power and Fidelity breached

23    their duty by fabricating documents, allowing their employees and/or their agents to

24    robo-sign and attest to facts to which they knew they had no personal knowledge, and

25    misrepresenting to Plaintiff that the true and correct beneficiary was exercising the

26

27    ───────────────

28    [7] *Pro Value Properties, Inc. v. Quality Loan Service Corp.*, 170 Cal.App.4th 579 (2009).  The scope and nature of the trustee's duties in a non-judicial foreclosure, "are exclusively defined by the deed of trust and the governing statutes." *Id.* at 583..

1  power of sale.  Not only can Power and Fidelity be found negligent for this egregious

2  conduct, but this breach of the duty of care is imputed to its principal(s), Deutsche,

3  AHM, or whoever they may be.

4      140.   Deutsche as purported current pecuniary beneficiary owes a duty of care to

5  Plaintiff to discharge its contractual duties under the Deed of Trust with reasonable

6  care.[8]  Deutsche breached its duty of care to Plaintiff when it aided and abetted Power,

7  Fidelity and AHM when (1) it fabricated the Assignment of Deed of Trust, and (2)

8  directed Power, Fidelity and/or AHM to declare a default and initiate foreclosure.[9]

9      141.   Deutsche is vicariously liable for the illegal and negligent conduct of its

10  purported agents, Power, Fidelity and AHM.

11      142.   AHM as the purported mortgage servicer, has a duty of care to Plaintiff to

12  exercise reasonable care to follow California law with regard to enforcement of

13  monetary obligations, and to refrain from taking or failing to take any action against

14  Plaintiff that they did not have the legal authority to do.  This includes not collecting or

15  demanding mortgage payments when there is no right to enforce the obligation on

16  anyone's behalf.

17      143.   As an actual and proximate cause of the reckless breach of duty of care,

18  utter carelessness, and blatant fraud of the Defendants as set forth above, Plaintiff has

19  suffered harm.  Chain of title to Plaintiff's Property has been rendered unmarketable and

20  fatally defective, and has caused Plaintiff to lose saleable title to the Subject Property.

21      144.   As an actual and proximate cause of the breach of duty of care and

22  carelessness of the Defendants as set forth above, Plaintiff suffered, and continues to

23  suffer, general and special damages in an amount to be determined at trial, severe

24  emotional distress, including attorneys' fees and costs of bringing suit to challenge said

25  Defendants' right to enforce his debt obligation against them.

26

27

28

---

[8] *Das v. Bank of America. N.A. (2010) 186 Cal. App. 4th 727, 740*

[9] *Id.* (Citing to *Casey v. Deutsche, Nat. Assn.* (2005) 127 Cal.App. 4th 1138, 1144-45

## THIRD CAUSE OF ACTION - VIOLATION OF
## BUS. & PROF. CODE § 17200, ET SEQ.

### [Against Deutsche, Power, Fidelity, AHM and Doe Defendants]

145.   Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

146.   Defendants' conduct, for the reasons stated herein, is in direct violation of California Civil Code sections 2924, et seq.

147.   Defendants' conduct, for the reasons stated herein, is in direct violation of California Civil Code sections 2924f(c)(2) and 2932.5.

148.   Cal. Bus & Prof. Code § 17200, et seq., prohibits acts of unfair competition, which means and includes any unlawful, unfair or fraudulent business act and conduct which is likely to deceive and is fraudulent in nature.  As more fully described above, Defendants' acts and practices are unlawful, fraudulent, and likely to deceive.  This conduct is ongoing and continues to this date.

149.   Specifically, as fully set forth above, Defendants engage in unlawful, fraudulent, and deceptive business practices with respect to mortgage loan servicing, assignments of notes and deeds of trust, foreclosure of residential properties and related matters by, among other things:

  (a)   Instituting improper or premature foreclosure proceedings to generate unwarranted fees;

  (b)   Fabricating, executing and recording false and misleading documents;

  (c)   Fabricating, executing and recording documents without the legal authority to do so;

  (d)   Failing to disclose the principal for which documents were being executed and recorded in violation of Cal. Civ. Code § 1095;

  (e)   Failing to record Powers of Attorney in connection with other recorded documents in violation of Cal. Civ. Code § 2933;

  (f)   Violating the Security First Rule;

(g)    Demanding and accepting payments for debts that were non-existent;

(h)    Acting as beneficiaries and trustees without the legal authority to do so;

(i)    Misrepresenting the foreclosure status of properties to borrowers; and

(j)    Other deceptive business practices.

150.    Plaintiff alleges that by engaging in the above described acts and/or practices as alleged herein, Defendants have violated several California laws, including 131(g), and regulations and said predicate acts are therefore per se violations of Cal. Bus. & Prof. Code § 17200, et seq.

151.    Plaintiff alleges that Defendants' misconduct, as alleged herein, gave, and have given, Defendants an unfair competitive advantage over his competitors. The scheme implemented by Defendants is designed to defraud California consumers and enrich the Defendants.

152.    The foregoing acts and practices have caused substantial harm to California consumers, including Plaintiff.

153.    By reason of the foregoing, Defendants have been unjustly enriched and should be required to disgorge his illicit profits and/or make restitution to Plaintiff and other California consumers who have been harmed, and/or be enjoined from continuing in such practices pursuant to Cal. Bus. & Prof. Code §§ 17203 and 17204. Additionally, Plaintiff is therefore entitled to injunctive relief and attorneys' fees as available under Cal. Bus & Prof. Code § 17200 and related sections.

154.    As a direct and proximate result of the actions of Defendants, and each of them, stated above, Plaintiff has been injured in that a cloud has been placed upon title to Plaintiff's Property and Defendants, have failed to remove this cloud from Plaintiff's title.

155.    Plaintiff is entitled to an order compelling Deutsche, Power, Fidelity, AHM and any other defendants claiming an interest in and to the Property to take any and all actions necessary to remove the cloud they have placed upon his title and an order enjoining such Defendants from taking such actions again in the future.

VERIFIED COMPLAINT                                                                                          -30-

## FOURTH CAUSE OF ACTION - QUIET TITLE

**[As Against Argent, Deutsche, Power, Fidelity, AHM and Doe Defendants claiming**
**any interest in the Subject Property]**

156.   Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

157.   Plaintiff has offered to tender his obligation and is ready, willing, and able to tender his obligation.

158.   Plaintiff alleges that he is the owner of the Subject Property per the Deed of Trust executed by Plaintiff.

159.   The basis for Plaintiff's interest in title lies in the Deed of Trust from Defendant Argent, which grants the Subject Property to Plaintiff, and which is recorded in the Official Records of the County of Los Angeles.

160.   Plaintiff is seeking to quiet title against the claims of Defendants as follows: some of the named Defendants are seeking to hold themselves out as the owners of legal title to the Subject Property, when in fact Plaintiff has an interest in such properties held by Defendants, when Defendants have no right, title, interest, or estate in the Subject Property, and Plaintiff's interest is adverse to Defendants' claim to ownership.

161.   Plaintiff seeks to quiet title as of July 22, 2011.

162.   Plaintiff therefore seeks judicial declaration that the title to the Subject Property is vested in Plaintiff alone and that Defendants herein, and each of them, be declared to have no estate, right, title, or interest in the Subject Property and that said defendants, and each of them, be forever enjoined from asserting any estate, right, title, or interest in the Subject Property, adverse to Plaintiff's herein.

WHEREFORE, Plaintiff prays as follows:

1.     For compensatory, special, and general damages in an amount according to proof at trial, but not less than $1,000,000.00, against all Defendants;

2.      For punitive and exemplary damages in an amount to be determined by the Court against all Defendants;

3.      For an order deeming Plaintiff's Promissory Note as unsecured;

4.      For an order compelling Defendants to remove any instrument which does or could be construed as constituting a cloud upon Plaintiff's title to the Property, including the purported Notice of Default, Notice of Trustee's Sale, Substitution of Trustee and Assignments of Deed of Trust;

5.      For an order finding that Defendants have no legally cognizable rights as to Plaintiff, the Property, Plaintiff's Promissory Note, Plaintiff's Deed of Trust, or any other matter based on contract or any of the documents prepared by Defendants, tendered to and executed by Plaintiff;

6.      The Court issue an order restraining Defendants, his agents or employees from continuing or initiating any action against the Property and enjoining Defendants, his agents or employees from doing so during the pendency in this matter;

7.      For an order compelling Defendants to disgorge all amounts wrongfully taken by them from Plaintiff and returning the same to Plaintiff with interest thereon at the statutory rate from the date the funds were first received from Plaintiff;

8.      For an order quieting title in favor of Plaintiff;

9.      For costs of suit incurred herein;

10.     For reasonable attorneys' fees incurred;

11.     For such other and further relief as the court may deem proper.

Dated:       July 22, 2011                    PROSPER LAW CORPORATION


                                     By:    _____
                                            Gordon F. Dickson
                                            Deborah P. Gutierrez
                                            Tanmay P. Mistry
                                            Attorneys for Plaintiff,
                                            Robert Ritchie

VERIFIED COMPLAINT                                                          -32-

1

## **VERIFICATION**

2      I, Robert Ritchie, am the Plaintiff in the above-entitled action.  I have read the

3   above Verified Complaint, and I have personal knowledge of the matters stated herein

4   except as to those matters stated upon information or belief and, as to those matters, I

5   believe them to be true.

6      I declare under penalty of perjury under the laws of the State of California, that

7   the foregoing is true and correct as executed this _22_ Day of July 2011, in the City of

8   Los Angeles, County of Los Angeles.

9

10                                  By: _____

11                                       Robert Ritchie

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiff Robert Ritchie hereby demands a trial by jury on all claims.

Dated:        July 22, 2011                    PROSPER LAW CORPORATION

By:    _____
       Gordon F. Dickson
       Deborah P. Gutierrez
       Tanmay P. Mistry
       Attorneys for Plaintiff,
       Robert Ritchie

# EXHIBIT A



**DOCX Home**
**About DOCX**
**What's Up @ DOCX**
**Contact DOCX**

| Online Services | Downloads | Services | Products |
|---|---|---|---|

 **GETNET™ DOCUMENT RECOVERY**

DOCX's GetNet™ Document Recovery solution is a national network of runners that is engaged to provide document recovery, expedited recordation services, title searches, and insurance submissions.

The service is unique in that our clients can request that DOCX obtain any missing recordable documents through this web site through our online GetNet™ Work Order Form.  Status of existing projects can also be obtained through our Online Services. We also accept work orders the "old fashioned" way via fax or mail. Upon receipt of the work order, DOCX will access the national network of runners, place the order and follow up to ensure prompt delivery.

GetNet™ was designed to assist mortgage servicers in meeting agency certifications and to avoid costly penalties for filing late satisfaction pieces.

## *GetNet™ Features*

- A National Network of title runners retains presence in every county jurisdiction nationwide.
- Obtains missing mortgage documents, assignments, title policies and LGC/MICs.
- Expedites recordation by physically walking documents in to county recorder offices.
- Provides title searches to identify mortgage holders.
- Provides online reporting capabilities.

## *GETNET™ RATE SHEET*

| XCODE | SERVICE | AMOUNT |
|---|---|---|
| INF1 | Obtain PIN Number from Online Public Records | $5.50 + SH |
| INF2 | Obtain from Online Public Records Lot Block or Section | $5.50 + SH |
| INF3 | Obtain Property Address | $5.50 + SH |
| INF4 | Obtain Recorded Mortgage, Book, Page or Instrument Number | $12.95 + TPC |
| INF5 | Obtain Vehicle Identification Number | $12.95 + SH |
| CT01 | Cursory Title Search to Identify Mortgagee of Record | $15.95 + TPC |
| TS01 | Perform Complete Title Search | $15.95 + TPC |
| SI01 | Obtain Copy of Mortgage | $12.95 + TPC |
| SI02 | Cure Defective Mortgage | $12.95 + TPC |
| SI03 | Retrieve Certified Copies of Mortgages | $12.95 + TPC |
| PA01 | Obtain Copy of Power of Attorney or Name Certification | $12.95 + TPC |
| PA02 | Record Power of Attorney | $12.95 + TPC |

| PA03 | Obtain Clerk Certified Copy of Power of Attorney | $12.95 + TPC |
|---|---|---|
| IC01 | Obtain Copy of Installment Contract from VA | $15.95 + SH |
| SA01 | Obtain Copy of Subordination Agreement | $15.95 + TPC |
| MA02 | Obtain Copy of Modification | $15.95 + TPC |
| MI01 | Obtain Copy of MIC | $12.95 + SH |
| MI02 | Correct MIC | $12.95 + SH |
| LG01 | Obtain Copy of LGC | $12.95 + SH |
| LG02 | Correct LGC | $12.95 + SH |
| TP01 | Obtain Copy of Title Policy Within 7 years (based on calender year) | $19.95 + TPC |
| TP02 | Correct Existing Title Policy | $19.95 + TPC |
| TP03 | Obtain Copy of Title Policy over 7 years (based on calendar year) | $29.95 + TPC |
| TP04 | Obtain Quotes to Write and Order New Lenders Title Policy | $29.95 + TPC |
| TP05 | Obtain Abstract from Title Company (State of Iowa) | $15.95 + TPC |
| TE02 | Correct Title Policy Endorsement | $15.95 + TPC |
| LN02 | Create Lost Note Affidavit | $12.95 + SH |
| NA01 | Create Note Allonge | $12.95 + SH |
| NC01 | Name Affidavit | $12.95 + SH |
| IA01 | Obtain Copy of Assignment | $15.95 + TPC |
| IA02 | Retrieve Certified Copies of Assignments | $15.95 + TPC |
| IA03 | Create Missing Intervening Assignment | $35.00 + TPC |
| IA04 | Record Prepared Assignments | $12.95 + TPC |
| IA05 | Cure Defective Assignment | $12.95 + TPC |
| IS01 | FHA and VA Mortgage Insurance Submission | $95.00 + TPC |
| UC01 | Retrieving a UCC Package | $15.95 + TPC |
| CF01 | Recreate Entire Collateral File | $95.00 + TPC |
| ER01 | Expedited Recordation: Hand Carry Recordable Documents | $25.00 + TPC |

**Contact DOCX for volume discounts on orders of 200 items or more.**

**TPC** = Third Party Costs include Title Runner, County Jurisdictional, courier and postage costs.

**SH** = Shipping costs.

*The DOCX Service Fee will be invoiced upon receipt of the work order.*

*TPC and SH costs will be billed upon completion of the work order.*
*You can also place orders online at www.docx.com.*

## Getting Started

To get started using the DOCX GetNet Service:

- Complete the **DOCX GetNet™** Service Agreement and obtain a Client ID.  **CALL DOCX   Marketing at: 888/DOCX-NET 888/362-9638 or email <u>sales@docx.com</u>** for an Agreement and Client ID.
- Once you complete the agreement and obtain a Client ID you can submit **GetNet™ Work Order Forms**. Clients can send work orders via the internet, email, fax, or mail.  **CALL DOCX   Marketing at: 888/DOCX-NET 888/362-9638 or email <u>sales@docx.com</u>**  for a Work Order form, *or* how to submit **GetNet™ Work Order Forms** online.
- Contact **DOCX Support at 800/723-0215 Ext 3014 or email <u>support@docx.com</u>** for requirements and procedures of email and online **GetNet™ Work Order Form**.

# EXHIBIT B



PROSPER LAW CORPORATION
5301 BEETHOVEN STREET
SUITE 109
LOS ANGELES, CALIFORNIA 90066

GORDON F. DICKSON
DEBORAH P. GUTIERREZ

OF COUNSEL:
RICHARD M. GEE
KEITH R. OLIVER
CARLOS A. LLARENA
MICHAEL KIM

MEMBER CA & CO BARS

DIRECTOR OF FIRM OPERATIONS:
ROBYN NAKAGAWA

TELEPHONE: (800) 808-9798
FAX: (800) 808-0428
WEBSITE: www.prosperlawcorp.com

SAN FRANCISCO OFFICE
———
450 HARRISON STREET, SUITE 310
SAN FRANCISCO, CALIFORNIA 94105

SAN DIEGO OFFICE
———
701 B STREET, SUITE 234
SAN DIEGO, CALIFORNIA 92101

SENDER'S E-MAIL:
gfdickson@prosperlawcorp.com
Telephone (310) 893-6207

July 14, 2011

**Via US Certified Mail # 7010 3090 0000 5145 6566**

American Home Mortgage Servicing
1525 S. Belt Line Road
Coppell, TX 75019

Re:    **QUALIFIED WRITTEN REQUEST**
    **Loan Number:** 4001296674
    **Our Client:** Robert Ritchie
    **Property Address:** 11001 Haskell Ave Granada Hills, CA 91344

This letter is a "qualified written request" in compliance with and under the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2605(e).

To Whom It May Concern:

    Please be advised this office has been retained by Robert Ritchie ("Mr. Ritchie") in regards to the accounting and servicing of this loan and the need for understanding and clarification of various sales, transfers, funding sources, legal and beneficial ownership, charges, credits, debits, transactions, reversals, actions, payments, analyses and records related to the servicing of this account from its origination to the present date. The subject property is located at 11001 Haskell Ave Granada Hills, CA 91344.

    This letter concerns sales and transfers of mortgage servicing rights; deceptive and fraudulent servicing practices to enhance balance sheets; deceptive, abusive, and fraudulent accounting tricks and practices that may have also negatively affected any credit rating, mortgage account and/or the debt or payments that my clients may be legally obligated to.

    Please provide the following information:

1.    A complete life of loan transactional history;

2.    The Transaction Codes for the software platform of the Servicer;

3.  The Code definitions in plain English;

4.  The Key Loan Transaction history, bankruptcy work sheet (if any), or any summary of all of the accounts in an XL spreadsheet format;

5.  The MERS Milestone Reports and the Edgar website address for the Pooling and Servicing Agreement, Prospectus and Prospectus Supplement;

6.  The name, address, name of a contact person and telephone number of the current holder in due course and owner of the mortgage note;

7.  Copies of all collection notes and communications files;

8.  An itemized statement of the amount needed to fully reinstate the loan;

9.  All communications with any non-lawyer third-party providers; and

10. All Form P-309 screen shots of all system accounts (principal, interest, escrow, late charges, legal fees, property inspection fees, property preservation fees, broker price opinion fees, statutory expense fees, miscellaneous fees, corporate advance fees, trustee suspense accounts, debtor suspense accounts) associated with the loan.

Under RESPA, this information must be provided and cannot be claimed as "confidential," "proprietary," or otherwise private. Failure to disclose the requested information will be considered failure to comply with this Qualified Written Request and thus a violation of 15 U.S.C. section 1601.

I also hereby demand that a chain of transfer from American Home Mortgage Servicing to wherever the security currently is be promptly sent to my office. Absent the actual evidence of the security, Mr. Ritchie has no choice but to dispute the validity of American Home Mortgage Servicing's lawful ownership, funding, entitlement right, and the current debt American Home Mortgage Servicing claims Mr. Ritchie owes. By debt I am referring to the principal balance American Home Mortgage Servicing claims Mr. Ritchie owes; the calculated monthly payment, calculated escrow payment and any fees claimed to be owed by American Home Mortgage Servicing or any trust or entity American Home Mortgage Servicing may service or sub-service for.

To independently validate this debt, my office needs to conduct a complete exam, audit, review and accounting of this mortgage account from its inception through the present date. Upon receipt of this letter, please refrain from reporting any negative credit information (if any) to any credit-reporting agency until responses are provided to each of the requests.

I also request that American Home Mortgage Servicing conduct American Home Mortgage Servicing's own investigation and audit of this account since its inception to validate the debt American Home Mortgage Servicing currently claims Mr. Ritchie owes. I would like American Home Mortgage Servicing to validate the debt so that it is accurate.

Please be aware that potential abuses by American Home Mortgage Servicing or previous servicing companies could have deceptively, wrongfully, unlawfully, and/or illegally:

Increased the amounts of monthly payments;
Increased the principal balance Mr. Ritchie owes;

**Los Angeles**          **San Francisco**          **San Diego**

Increased the escrow payments;
Increased the amounts applied and attributed toward interest on this account;
Decreased the proper amounts applied and attributed toward the principal on this account; and/or;
Assessed, charged and/or collected fees, expenses and miscellaneous charges Mr. Ritchie is not legally obligated to pay under this mortgage, note and/or deed of trust.

Again, this is a Qualified Written Request under the Real Estate Settlement Procedures Act, codified as Title 12 section 2605(e) of the United States Code as well as a request under the Truth In Lending Act 15 U.S.C. section 1601. RESPA provides substantial penalties and fines for non-compliance or failure to answer the questions provided in this letter within sixty (60) days of its receipt.

Upon receipt of the documents and answers, an exam and audit will be conducted that may lead to a further document request and answers to questions under an additional RESPA Qualified Written Request letter.

**Default Provisions under this QUALIFIED WRITTEN REQUEST**

American Home Mortgage Servicing or any agents, transfers, or assigns' omissions of, or agreement by silence to this RESPA REQUEST via certified rebuttal of any and all points herein this RESPA REQUEST, agrees and consents to, including but not limited by, any violations of law and/or immediate termination and/or removal of any and all right, title and interest (liens) in Mr. Ritchie's, or any property or collateral, connected to Mr. Ritchie's or loan number 4001296674, and waives any and all immunities and/or defenses to claims and/or violations agreed to in this RESPA REQUEST, including but not limited to:

1.  Mr. Ritchie's right to, by American Home Mortgage Servicing's breach of fiduciary responsibility, fraud, and/or misrepresentation, revoke and rescind any and all power of attorney or appointment American Home Mortgage Servicing may have or may have had in connection with loan number 4001296674, and any property and/or real estate connected with loan number 4001296674;

2.  Mr. Ritchie's right to have any certificated or uncertificated security re-registered in Mr. Ritchie's, and only Mr. Ritchie's name;

3.  Mr. Ritchie's right of collection via American Home Mortgage Servicing's liability insurance and/or bond;

4.  Mr. Ritchie's entitlement in filing and executing any instruments, as power of attorney for and by American Home Mortgage Servicing ,including but not limited to a new certificated security or any security agreement perfected by filing a UCC Financing Statement with the Secretary of State in the State where American Home Mortgage Servicing is located;

5.  American Home Mortgage Servicing's right to damages because of American Home Mortgage Servicing's wrongful registration and breach of intermediary responsibility with regard to Mr. Ritchie's asset, by way of American Home Mortgage Servicing issuing to Mr. Ritchie a certified check for the original value of Mr. Ritchie's monetary instrument;

6.    Mr. Ritchie's right to have loan number 4001296674 completely set off because of American Home Mortgage Servicing's wrongful registration and breach of intermediary responsibility with regard to Mr. Ritchie's monetary instrument/asset by American Home Mortgage Servicing's sending confirmation of set off of wrongful liability of Mr. Ritchie and issuing a certified check for the difference between the original value of Mr. Ritchie's monetary instrument/asset and what Mr. Ritchie mistakenly sent to American Home Mortgage Servicing as a payment for such wrongful liability.

American Home Mortgage Servicing or any of American Home Mortgage Servicing's transfers, agents or assigns offering a rebuttal of this RESPA REQUEST must do so in the manner of this RESPA REQUEST in accordance of and in compliance with current statutes and/or laws - signing in the capacity of a fully liable man or woman being responsible and liable under the penalty of perjury, while offering direct testimony with the official capacity as appointed agent for American Home Mortgage Servicing in accordance with American Home Mortgage Servicing's Articles of Incorporation, by-laws duly signed by a current and duly sworn under oath director(s) of such corporation/ Holding Corporation/ National Association.

Any direct rebuttal with certified true and complete accompanying proof must be posted with the Notary address herein within sixty days. When no verified rebuttal of this RESPA REQUEST is made in a timely manner, a "Certificate of Non-Response" serves as American Home Mortgage Servicing's judgment and consent/agreement by means of silence with any and all claims and/or violations herein-stated in the default provisions or any other law.

Power of Attorney: When American Home Mortgage Servicing fails by not rebutting to any part of this RESPA REQUEST, American Home Mortgage Servicing agrees with the granting unto Mr. Ritchie unlimited Power of Attorney and any and all full authorization in signing and endorsing American Home Mortgage Servicing's name upon any instruments in satisfaction of the obligations of this RESPA REQUEST/Agreement or any agreement arising from this agreement. Pre-emption of or to any Bankruptcy proceeding shall not discharge any obligations of this agreement. Consent and agreement with this Power of Attorney by American Home Mortgage Servicing waives any and all claims and/or defenses of American Home Mortgage Servicing, and remains in effect until the satisfaction of all obligations by American Home Mortgage Servicing have been satisfied.

If you have any questions, please do not hesitate to contact my office.


Sincerely,

Gordon F. Dickson, Esq.
*Managing Attorney*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
ROBERT RITCHIE

**DEFENDANTS**
ARGENT MORTGAGE COMPANY, LLC, ET AL.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Deborah P. Gutierrez, Esq., SBN 240383
Prosper Law Corporation, Los Angeles, California 90066, 5301 Beethoven Street, Suite 109; T: (310) 893-6200; F: (310) 988-2930

Attorneys (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

---

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☒ MONEY DEMANDED IN COMPLAINT: $ 1,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C §1332 - Diversity

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☒ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **SACV11-01106**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

III(a). **IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
f yes, list case number(s): _____

III(b). **RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
f yes, list case number(s): _____

ivil cases are deemed related if a previously filed case and the present case:

Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. VENUE:** (When completing the following information, use an additional sheet if necessary.)

a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | New York; Delaware; Delaware; Delaware |

c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
      **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
ote: In land condemnation cases, use the location of the tract of land involved

.  SIGNATURE OF ATTORNEY (OR PRO PER):   [signature]                       Date July 22, 2011

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

ey to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Deborah P. Gutierrez, Esq., SBN 240383
Prosper Law Corporation
5301 Beethoven Street, Suite 109
Los Angeles, California 90066
T: (310) 893-6200; F: (310) 988-2930

COPY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RITCHIE, an individual, | CASE NUMBER |
| PLAINTIFF(S) | **SACV11-01106** JST (ANx) |
| v. | |
| ARGENT MORTGAGE COMPANY, LLC; (See Attachment to Summons for additional parties) | **SUMMONS** |
| DEFENDANT(S). | |

TO:    DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Deborah P. Gutierrez, Esq._____, whose address is _Prosper Law Corporation, 5301 Beethoven Street, Suite 109, Los Angeles, CA 90066___.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __JUL 2 5 2011__          By: _____
SUSANA R. BUSTAMANTE    SEAL
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                                    SUMMONS

1  Name: Deborah P. Gutierrez, Esq., SBN 240383

2  Address: Prosper Law Corporation

3  5301 Beethoven St., Suite 109, Los Angeles, CA 90066

4  Phone: (310) 893-6200

5  Fax: (310) 988-2930

6  In Pro Per

7

8                    **UNITED STATES DISTRICT COURT**
                    **CENTRAL DISTRICT OF CALIFORNIA**

9  ROBERT RITCHIE                              CASE NUMBER:

10

11                                Plaintiff

12                        v.

13  ARGENT MORTGAGE COMPANY, LLC, ET AL.

14                                            **ATTACHMENT TO SUMMONS**

15                                Defendant(s).

16  ADDITIONAL DEFENDANTS:

17  DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE IN TRUST FOR THE

18  BENEFIT OF THE CERTIFICATEHOLDERS FOR ARGENT SECURITIES TRUST 2006 M-2

19  ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2006-M2; POWER DEFAULT

20  SERVICES, INC.; FIDELITY NATIONAL FINANCIAL, INC. D/B/A DEFAULT RESOLUTION

21  NETWORK; AMERICAN HOME MORTGAGE SERVICING, INC.; and Does 1 – 100, inclusive,

22

23

24

25

26

27

28